IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIO WATKINS, as
ADMINISTRATOR OF THE ESTATE
OF MARY LYN WATKINS and
ALVIN WATKINS,

                    Plaintiff,

          v.

BENEFICIAL, HSBC MORTGAGE,

                    Defendant.

CIVIL ACTION NO.

1:10-CV-1999-TWT-RGV

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff Mario Watkins ("plaintiff"), as Administrator of the Estate of Mary

Lyn Watkins and Alvin Watkins ("the Watkins"), originally filed a "Verified

Emergency Petition for Temporary Restraining Order and/or Preliminary

Injunction" in the Superior Court of Fulton County, concerning a foreclosure sale of

certain real property, and he seeks monetary damages and other equitable relief

pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1642 et

seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.,

and O.C.G.A. § 44-14-162.  [Doc. 2].  Defendant Beneficial Mortgage Co. of Georgia

("Beneficial"), incorrectly identified in the complaint as "Beneficial, HSBC

Mortgage," removed the action to this Court on June 25, 2010, asserting that subject

matter jurisdiction in this case is based upon 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1332, diversity jurisdiction. [Doc. 1]. Pending before the Court is Beneficial's motion to dismiss for failure to state a claim. [Doc. 3]. Plaintiff has not responded to the motion, and, therefore, it is deemed unopposed. <u>See</u> LR. 7.1B, NDGa.[1]   For the following reasons, it is **RECOMMENDED** that Beneficial's motion to dismiss, [Doc. 3], be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2003, the Watkins consummated the purchase of property located at 3780 Sherbrook Court, College Park, Georgia, 30349 ("the subject property"). [Doc. 2 (Security Deed) at 22].[3]   Incident to the purchase, the Watkins

---

[1] Although Beneficial's motion is unopposed, the undersigned will address the merits of the motion. <u>See</u> <u>Trainer v. Nix</u>, Civil Action No. 1:07-CV-1227-JOF, 2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009) (considering merits of defendants' motions even though they were unopposed); <u>Eley v. Morris</u>, 390 F. Supp. 913, 917-18 (N.D. Ga. 1975) (evaluating plaintiffs' motions on the merits despite defendants' failure to file responses in opposition).

[2] Plaintiff also requested a temporary restraining order and preliminary injunction, [Doc. 2]; however, he advised the District Court that he would be withdrawing the request since the foreclosure sale was stayed due to his bankruptcy filing, <u>see</u> [Third Docket Entry dated 06/30/2010]. Plaintiff never withdrew his request, and it is therefore **RECOMMENDED** that plaintiff's request for a temporary restraining order and preliminary injunction be **DENIED**.

[3] The listed page numbers in citations to the record refer to the page numbers shown on the Adobe file reader linked to the Court's electronic filing database,

executed a Promissory Note in the principal amount of $363,291.72 in favor of the lender, Beneficial.  [Doc. 2 at 22].  The Note was secured by the subject property pursuant to a Security Deed executed by the Watkins on September 5, 2003, in favor of Beneficial.  [Id.].  The Watkins defaulted on their obligations under the Promissory Note and Security Deed, including failing to pay certain amounts due, which led to Beneficial pursuing foreclosure proceedings.  [Doc. 3-1 at 2].

On May 28, 2010, plaintiff filed in the Superior Court of Fulton County a complaint which he entitled "Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction," in which he alleges that Beneficial violated various federal and state laws.  [Doc. 2].  Beneficial removed plaintiff's complaint to federal court on June 25, 2010, [Doc. 1], and now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [Doc. 3].

---

CM/ECF.  The Security Deed was attached to plaintiff's complaint as well as Beneficial's motion to dismiss, [Doc. 3-1 at 13-19], and is "central to the plaintiff's claim."  Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  See also Atwater v. Nat'l Football League Players Ass'n, Civil Action No. 1:06-CV-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29, 2007); Cobb v. Marshall, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007).  Accordingly, the Court will consider the exhibit without converting Beneficial's motion to a motion for summary judgment.

## II.  STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe the complaint in the plaintiff's favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and brackets omitted).  To survive a motion to dismiss, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Broner v. Washington Mut. Bank, FA, 258 Fed. App. 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)).[4]  "Factual

---

[4] Likewise, Federal Rule of Civil Procedure 10(b) requires that claims be set forth in numbered paragraphs, "each limited as far as practicable to a single set of

allegations must be enough to raise a right to relief above the speculative level," id., as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).  The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

129 S. Ct. at 1949-50 (internal marks and citations omitted).

---

circumstances."  Fed. R. Civ. P. 10(b); Cooley v . Great S. Wood Preserving, 138 Fed. App. 149, 152 (11th Cir. 2005) (*per curiam*) (unpublished) (citations omitted).

## III.  DISCUSSION

**A.    Federal Claims**

    **1.**     *Plaintiff's FDCPA Claims*

Plaintiff makes a vague, conclusory allegation that Beneficial violated the FDCPA when it initiated foreclosure proceedings after failing to respond to plaintiff's unspecified correspondence disputing the debt and requesting the identity of the original creditor.  [Doc. 2 at 2 ¶ 9, 3 ¶ 18].  The FDCPA, however, "applies only to debt collectors and not to creditors or mortgage servicers."  Humphrey v. Wash. Mut. Bank, F.A., Civil Action No. 1:06-CV-1367-JOF, 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007).  The FDCPA defines a "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

Here, plaintiff has not alleged any facts which would show that Beneficial engaged in any conduct that violates the FDCPA.  Specifically, plaintiff has alleged neither that Beneficial was a "debt collector" within the meaning of the FDCPA, nor that plaintiff's debt was in default at the time Beneficial acquired it, and "the plain language of the FDCPA supports the . . . conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g," Warren v.

Countrywide Home Loans, Inc., 342 Fed. App. 458, 460 (11th Cir. 2009) (*per curiam*) (unpublished).  Indeed, "several courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)."[5]   Id. at 460-61 (internal marks and citations omitted) (alteration in original). See also Trent v. Mortg. Elec. Registration Sys., Inc., 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) (explaining that a mortgage foreclosure action itself does not qualify as a "debt collection" under the FDCPA because "'foreclosing . . . is an entirely different path.  Payment of funds is not the object of the foreclosure action.'") (quoting Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)); Beadle v. Haughey, No. Civ.04-272-SM, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005) (finding that "foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA").

In addition, the FDCPA "only applies to those who regularly collect or attempt to collect debts owed or are due or asserted to be owed or due another," not creditors in the process of collecting their own debt.  Glover v. Univ. Motor Co., C/A No. 3:08-2254-JFA-JRM, 2010 WL 234903, at *4 (D.S.C. Jan. 15, 2010) (internal

_____

[5] To the extent plaintiff asserts a claim against Beneficial under § 1692f(6), Beneficial is exempt because it has a "present right to possession of the property claimed as collateral through an enforceable security interest."   15 U.S.C. § 1692f(6)(A); [Doc. 2 at 22].

marks and citation omitted).  "While the FDCPA does apply to creditors who, in the process of collecting their own debts, use other names that would indicate that a third person is collecting or attempting to collect the debts . . .[p]laintiff does not allege that [Beneficial] is attempting to collect a debt from the [p]laintiff using names that would indicate that a third person was collecting or attempting to collect his debt."  Clay v. Countrywide Home Loans, C/A No. 9:08-1369-MBS, 2009 WL 223727, at *3 (D.S.C. Jan. 28, 2009).   Thus, plaintiff has failed to state a claim against Beneficial under the FDCPA.[6]

### 2.    *RESPA Claims*

Plaintiff also makes vague references to alleged RESPA violations.  [Doc. 2 ¶¶ 9, 19].  Plaintiff, however, has failed to allege sufficient facts to support his RESPA claims.   See Broner, 258 Fed. App. at 256-57; Johnson v. Scala, No. 05 Civ. 5529(LTS)(KNF), 2007 WL 2852758, at *5 (S.D.N.Y. Oct. 1, 2007) (explaining that there are only three private causes of action under RESPA and finding that plaintiffs failed to plead any facts to establish a cause of action under RESPA sufficient to withstand dismissal).  Plaintiff's conclusory statements in his complaint fail to give

---

[6] Furthermore, to the extent plaintiff's complaint seeks injunctive relief with regard to the foreclosure sale due to an alleged FDCPA violation, his claim fails. "[E]quitable relief is not available in private actions under the FDCPA." Hennington v. Greenpoint Mortgage Funding, Inc., Civil Action Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009).

Beneficial fair notice of what his claims are and the grounds upon which they rest. Plaintiff fails to provide any factual allegations supporting these claims, merely making conclusory references to RESPA, which fails to put Beneficial on notice as to how it violated RESPA.

Moreover, Beneficial also argues that any amendment by plaintiff would be futile because his RESPA claim is barred by the applicable statute of limitations. [Doc. 3-1 at 8]. Indeed, although plaintiff has not included sufficient facts to determine which provision of RESPA he alleges was violated, violations of 12 U.S.C. § 2605 must be brought within three years from the date of the occurrence of the violation and violations of §§ 2607 and 2608 must be brought within 1 year. See 12 U.S.C. § 2614.[7] Because plaintiff's allegations primarily revolve around various disclosures not being provided at the time of the loan closing, his RESPA claims appear to be outside the one-year statute of limitations. However, even if the Court

---

[7] Section 2605 pertains to the assignment, sale, or transfer of loan servicing, 12 U.S.C. § 2605(a), section 2607 pertains to prohibitions against kickbacks and unearned fees and disclosures relating to fee arrangements, id. § 2607(a)-(d), and section 2608 provides that no seller of property purchased with the assistance of a federally related mortgage loan shall require that title insurance covering the property be purchased by the buyer from any particular title company, id. § 2608(a). There is a three-year statute of limitations for actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State, which is not applicable here. See Clausell v. Bank of America, N.A., Civil Action No. 1:10-CV-0618-CAP-JFK, [Doc. 17 at 20 n.12 (citing 12 U.S.C. § 2614)], (N.D. Ga. July 20, 2010), adopted at [Doc. 18], (N.D. Ga. August 17, 2010).

assumes that plaintiff's complaint alleges a violation of § 2605, thereby providing a

three-year statute of limitations, his claim would be time-barred since the date of the

loan origination is September 5, 2003, and plaintiff did not bring this action until

May 28, 2010, more than six and a half years after the date of the occurrence of the

alleged violation.  Accordingly, plaintiff has failed to state a claim against Beneficial

under RESPA.[8]

## B.    Jurisdiction Over Plaintiff's State Law Claims

Although supplemental jurisdiction may be exercised over state law claims

related to federal claims in any action in which the Court has original jurisdiction,

"when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of

jurisdiction by dismissing the case without prejudice."  Carnegie-Mellon Univ. v.

Cohill, 484 U.S. 343, 350 (1988) (footnote omitted); Scarfo v. Ginsberg, 175 F.3d 957,

962 (11th Cir. 1999).

Since plaintiff's federal claims are due to be dismissed, the Court could

decline to exercise supplemental jurisdiction over his state claims at this time.

---

[8] Likewise, to the extent plaintiff seeks equitable relief under RESPA, it is not available as a matter of law.  See Wilson v. Saxon Mortgage Servs., Inc., Civil Action No. 1:08-CV-3630-CAP, [Doc. 4 at 2 (citing Mullinax v. Radian Guaranty, Inc., 199 F. Supp. 2d 311, 333 (M.D.N.C. 2004) ("'[A]n injunction is unavailable in RESPA private actions. . . .'")], (N.D. Ga. Dec. 1, 2008).

<u>Ingram v. Sch. Bd. of Miami-Dade County</u>, 167 Fed. App. 107, 108 (11th Cir. 2006) (*per curiam*) (unpublished).  However, because Beneficial maintains that subject matter jurisdiction in this case is also based on diversity, the Court will address the merits of plaintiff's state law claims.  [Doc. 1 at 2-3]; <u>see also</u> 28 U.S.C. § 1332(a).[9]

### 1.   *Plaintiff's "Produce the Note" Claims*

Plaintiff alleges that Beneficial "knowingly, willingly, and wantonly failed to adhere to the mandates of Federal and state law which would have properly alerted [him] to request [Beneficial] to produce the promissory note."  [Doc. 2 ¶ 23].  To the extent plaintiff is alleging that Beneficial failed to produce the original promissory note, "such arguments have been rejected by this court and by other courts." <u>Taylor v. Johnson & Freedman, LLC</u>, Civil Action No. 1:09-CV-0485-CAM-JFK, [Doc. 7 at 17], (N.D. Ga. Aug. 4, 2009), adopted at [Doc. 9], (N.D. Ga. Sept. 3, 2009).  In fact, nothing in Georgia law requires a lender commencing foreclosure proceedings to produce the original note.  <u>See</u> O.C.G.A. §§ 9-13-140 <u>et seq.</u>, 9-13-160 <u>et seq.</u>, and 44-

---

[9] Beneficial alleges in its notice of removal that it is a foreign corporation, with its principal place of business in Mettawa, Lake County, Illinois, that plaintiff is a resident of Fulton County, Georgia, and that Beneficial seeks to foreclose on the loan and security deed at issue in the original principal amount of $345,999.03, thus claiming that it meets the amount in controversy requirement for diversity cases. [Doc. 1 ¶¶ 4, 7-8 (<u>citing</u> <u>Roper v. Saxon Mortgage Servs., Inc.</u>, Civil Action No. 1:09-CV-312-RWS, 2009 WL 1259193, at *2 (N.D. Ga. Ma5, 2009) (finding that since plaintiff "seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake") (citation omitted))]. <u>See also</u> 28 U.S.C. § 1332.

14-160 et seq.; Webb v. Suntrust Mortg., Inc., Civil Action No. 1:10-CV-0307-TWT-CCH, 2010 WL 2950353, at *2 n.5 (N.D. Ga. July 1, 2010), adopted by 2010 WL 2977950, at *1 (N.D. Ga. July 23, 2010).

Additionally, other federal courts faced with allegations from plaintiffs challenging the validity of a party's ability to foreclose have also found that possession of the promissory note is not required to conduct a non-judicial foreclosure sale of a security deed. See Phillips v. MERS Mortg. Elec. Registration Sys., No. 1:09-CV-01028-OWW-SMS, 2009 WL 3233865, at *9 (E.D. Cal. Oct. 2, 2009) ("It is well-established that non-judicial foreclosures can be commenced without producing the original promissory note."); Candelo v. NDEX W., LLC, No. CV F 08-1916 LJO DLB, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008).  Therefore, plaintiff has failed to state a claim upon which relief may be granted for Beneficial's alleged failure to produce the original promissory note.

## 2.   *Plaintiff's Claims for Wrongful Foreclosure*

Plaintiff asserts that "[n]otice requirements of O.C.G.A. § 44-14-162 were changed," and that Beneficial's "attempt to foreclose upon the subject property violates O.C.G.A. § 44-14-162(b)."  [Doc. 2 ¶¶ 15-16, 21].  Again, plaintiff offers no factual or legal basis to support any claim for relief arising from Beneficial's purported violations of these statutory provisions.

"Under Georgia law, a foreclosing creditor's failure to provide notice of a foreclosure sale to the debtor in accordance with the provisions in O.C.G.A. § 44-14-162 *et seq.* will allow a debtor to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." Wigman v. SunTrust Mortgage, Inc., Civil Action File No. 1:09-CV-03296-TCB/AJB, [Doc. 4 at 22 (internal marks and citation omitted)], (N.D. Ga. Feb. 3, 2010), adopted in part at [Doc. 5], (N.D. Ga. Mar. 3, 2010). "However, when the grantee in a security deed mails a notification of the sale under power correctly addressed to the grantor of the security deed in accordance with the provisions of OCGA § 44-14-162.2, the actual receipt, or want of receipt, by the grantor is immaterial to the right of the grantee to sale under power." Id. (internal marks and citation omitted). Here, plaintiff actually admits that he received the notice of sale dated April 29, 2010, two weeks after that date, [Doc. 2 ¶ 13 & n.1], but alleges that the sale was scheduled for June 1, 2010, and therefore did not receive the notice thirty days prior to the sale, [Id. ¶¶ 13, 16-17]. Plaintiff's argument, however, is without merit as it is undisputed that there has been no foreclosure sale of the subject property. Because Beneficial has not proceeded with the foreclosure of the subject property, plaintiff "cannot prove a claim for wrongful foreclosure." Roper v. Parcel of Land, Civil Action No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D.

Ga. Apr. 23, 2010).[10]  Thus, plaintiff's claims for wrongful foreclosure are due to be

dismissed.

**C.     Dismissal With Prejudice**

"Where a more carefully drafted complaint might state a claim, a plaintiff

must be given at least one chance to amend the complaint before the district court

dismisses the action with prejudice."  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.

1991) (*per curiam*).[11]  However, courts need not grant an opportunity to amend where

amendment would be futile.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)

(*per curiam*) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  See also Carmen v.

Metrocities Mortgage Corp., Civil No. 08-2729 (RBK/JS), 2009 WL 1416038, at *3

(D.N.J. May 18, 2009) ("[E]ven when a plaintiff does not seek leave to amend, if a

---

[10] Furthermore, to seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan.   Taylor v. Wachovia Mortgage Corp., Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009), adopted at *1 (citations omitted).  See also Nicholson v. OneWest Bank, Civil Action File No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *5 (N.D. Ga. Apr. 20, 2010), adopted by 2010 WL 2732329, at *1 (N.D. Ga. June 7, 2010).  Plaintiff has made no showing that he tendered the full amount or that he is willing to tender the full amount.

[11] In Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*), the *en banc* court overruled Bank in part, holding that a "district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  Here, plaintiff, who is represented by counsel, never responded to Beneficial's motion to dismiss, much less requested leave to amend the complaint.

complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.") (internal marks and citation omitted).  In fact, if it appears beyond doubt that plaintiffs could not plead a claim for relief that is plausible on its face, an amendment would be futile. See Coates v. Natale, Civil Action No. 5:09-cv-423 (CAR), 2010 WL 749630, at *1-2 (M.D. Ga. Mar. 1, 2010); Ardaman & Assocs., Inc. v. Travelers Casualty and Surety Co. of Am., No. 3:08cv144/MCR, 2009 WL 161203, at *8 (N.D. Fla. Jan. 22, 2009).  The foregoing discussion of plaintiff's claims demonstrates that granting an opportunity to amend the complaint would be futile since the FDCPA is inapplicable to Beneficial and plaintiff's RESPA claims are time-barred.  See HSBC Bank Nevada, N.A. v. Murungi, Civil Action No. 10-1527, 2010 WL 3170736, at *4 (E.D. La. Aug. 11, 2010) (dismissing FDCPA claim with prejudice where any amendment would be futile); Garczynski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 516-17 (E.D. Pa. 2009) (dismissing claims with prejudice because any amendment to claims, including RESPA, would be futile since, among other things, they are untimely).  It would likewise be futile to allow plaintiff an opportunity to amend his state law claims. See Taylor, Civil Action No. 1:09-CV-0485-CAM-JFK, [Doc. 7 at 17] (allowing plaintiff to amend "produce the note" claim would be futile since there is no requirement that a lender produce the original promissory note prior to commencing foreclosure proceedings); Kariguddaiah v. Wells Fargo Bank, N.A., No.

15

C 09-5716 MHP, 2010 WL 2650492, at *3 (N.D. Cal. July 1, 2010) (finding leave to amend wrongful foreclosure claim, among other things, would be futile where "plaintiff has not identified any facts he could plead in a further amended complaint to overcome the noted fatal defects").

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that plaintiff's request for a temporary restraining order and preliminary injunction, [Doc. 2], be **DENIED**, that Beneficial's motion to dismiss, [Doc. 3], be **GRANTED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**IT IS SO RECOMMENDED**, this 1st day of September, 2010.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

16